IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-39-D

CRYSTAL GAIL MANGUM, )
)
Plaintiff, )
)
v. ) **ORDER**
)
MICHELLE AURELIUS, et al., )
)
Defendants. )

This action represents the latest effort by Crystal Gail Mangum ("Mangum" or "plaintiff"), a state inmate proceeding pro se assisted by self-described "decade-long advocate and fiancé Sidney B. Harr, M.D.," to overturn her 2013 conviction in Durham County Superior Court for the second-degree murder of Reginald Daye. See Compl. [D.E. 1].[1] Citing 42 U.S.C. § 1983, Mangum seeks an order compelling defendants' response to a set of "affirmatives"[2] and production of a sealed document, and an "appropriate outside medical assessment" for medical conditions she has developed while incarcerated. Id. at ¶ 4 & Prayer for Relief. Through Harr, Mangum has flooded the court with motions, including a motion to preemptively oppose any motion for extension of time

---

[1] See Mangum v. Bond, No. 1:20-CV-449, 2020 WL 6482179 (M.D.N.C. Oct. 5, 2020) (unpublished), aff'd, 841 F. App'x 604 (4th Cir. 2021) (per curiam) (unpublished); Mangum v. Perry, No. 1:16-CV-978, 2017 WL 4286625 (M.D.N.C. Aug. 29, 2017) (unpublished), report and recommendation adopted sub nom. Mangum v. Hooks, 2017 WL 4271634 (M.D.N.C. Sept. 25, 2017) (unpublished), appeal dismissed, 712 F. App'x 272 (4th Cir. 2018) (per curiam) (unpublished); Harr v. Freeman, No. 5:16-CV-199, 2016 WL 4287962, at *1 (E.D.N.C. Aug. 15, 2016) (unpublished), aff'd, 671 F. App'x 185 (4th Cir. 2016) (per curiam) (unpublished); cf. State v. Mangum, 242 N.C. App. 202, 773 S.E.2d 555, disc. review denied, 368 N.C. 601, 780 S.E.2d 564 (2015).

[2] According to the complaint, "[a]n affirmative, a discovery procedural device, is defined by The Free Dictionary by Farlex as 'averring a fact to be true,' and the adverse party served with a series of affirmatives is compelled by civil and criminal procedure to respond." Compl. ¶ 66. Harr now describes them as "a set of admissions." [D.E. 12].

defendants may file [D.E. 7], a motion for entry of default [D.E. 8], a motion "to assure participation by U.S. Magistrate Judge Hon. Robert B. Jones, Jr." [D.E. 18], a motion for an expedited discovery schedule [D.E. 22], motions for summary judgment [D.E. 20, 23], and a motion to withdraw [D.E. 21]. Defendants move to strike Mangum's requests for admission [D.E. 16]. As explained below, the court dismisses Mangum's motions and directs Mangum to file a response to this order.

An individual has the right to conduct a case pro se in federal court. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."). The right to conduct one's own case, however, does not give one a right to litigate on behalf of another. See M.D. v. Sch. Bd. of Richmond, 560 F. App'x 199, 202 (4th Cir. 2014) (unpublished) (holding that non-attorney parents are not authorized to represent their children pro se in federal court); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) (holding that a pro se prisoner could not litigate the rights of fellow prisoners in a class action). "The reasoning behind this rule is two-fold: it protects the rights of those before the court . . . and jealously guards the judiciary's authority to govern those who practice in its courtrooms." Myers v. Loudoun Cnty. Pub. Schs., 418 F.3d 395, 400 (4th Cir. 2005) (citations omitted).

Harr has repeatedly attempted to conduct litigation on Mangum's behalf, has been permanently enjoined from practicing law in North Carolina, and is subject to a prefiling injunction in the Middle District of North Carolina. See Mangum v. Oxygen Media, LLC, 603 F. Supp. 3d 266, 269–71 (E.D.N.C. 2022), aff'd, No. 22-1612, 2022 WL 17249695 (4th Cir. Nov. 28, 2022) (per curiam) (unpublished); Harr v. Brodhead, No. 1:16-CV-304, 2016 WL 8653494, at *1–4 (M.D.N.C. June 30, 2016) (unpublished), aff'd, 672 F. App'x 252 (4th Cir. 2016) (per curiam) (unpublished); see, e.g., Mangum, 2017 WL 4286625, at *1–2, 11, 13–14; Harr, 2016 WL 4287962, at *5. Once again, Harr is conducting litigation on behalf of Mangum. See, e.g., Compl. ¶ 5; [D.E. 6] 2; [D.E.

2

8] 1; [D.E. 11]; [D.E. 12]; [D.E. 13] 1; [D.E. 14]; [D.E. 15] 1; [D.E. 18] 2; [D.E. 19] 1; [D.E. 20] 1; [D.E. 21] 1; [D.E. 22] 1; [D.E. 23] 1; [D.E. 24]; [D.E. 26] 1. Accordingly, Mangum's motions are improperly filed and are dismissed. The court denies as moot defendants' motion to strike, and directs the clerk not to accept any more filings from Harr in this action.

Defendants contend that Mangum has not properly served them with process and ask the court to dismiss the action. See [D.E. 10, 17]. A plaintiff must properly serve a defendant with process (or the defendant may waive service under Federal Rule of Civil Procedure 4(d)) for the court to exercise personal jurisdiction over the defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); Life Techs. Corp. v. Govindaraj, 931 F.3d 259, 264–65 (4th Cir. 2019).

"The plaintiff bears the burden of proving that process has been properly served under the Federal Rules of Civil Procedure." Murphy v. Cleveland Cnty., No. 1:21-CV-5, 2021 WL 3824684, at *4 (W.D.N.C. Aug. 26, 2021) (unpublished); see Scott v. Md. State Dep't of Lab., 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (unpublished); Reale v. Wake Cnty. Hum. Servs., No. 5:11-CV-682, 2013 WL 2635181, at *1 (E.D.N.C. June 12, 2013) (unpublished). Mangum shall have until October 6, 2023, to file proof of service on defendants in accordance with Federal Rule of Civil Procedure 4(*l*). Mangum must file the proof of service herself, and not with Harr's assistance. Defendants shall thereafter have until October 27, 2023, to contest service of process by filing the appropriate motion. See Fed. R. Civ. P. 7(b)(1).

In sum, the court DISMISSES plaintiff's motions [D.E. 7, 8, 18, 20, 21, 22, 23], and DENIES AS MOOT defendants' motion to strike [D.E. 16]. The court DIRECTS the clerk not to accept any more filings from Harr in this action. Mangum shall have until October 6, 2023, to file proof of service on defendants in accordance with Federal Rule of Civil Procedure 4(*l*), and must file the

3

proof of service herself, not with Harr's assistance. Defendants shall thereafter have until October 27, 2023, to contest service of process by filing the appropriate motion.

SO ORDERED. This __11__ day of September, 2023.

*/s/ James C. Dever*
JAMES C. DEVER III
United States District Judge