| | |
|---|---|
| CRYSTAL GAIL MANGUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHELLE AURELIUS, et al., ) | |
| ) | |
| Defendants. ) | |

On January 27, 2023, Crystal Gail Mangum ("Mangum" or "plaintiff"), a state inmate proceeding pro se, filed a complaint against North Carolina Chief Medical Examiner Michelle Aurelius and her office [D.E. 1]. On September 11, 2023, the court dismissed Mangum's numerous motions and directed Mangum to file proof of service on defendants in accordance with Federal Rule of Civil Procedure 4(*l*) [D.E. 27]. In response, Sidney Harr ("Harr")[1] filed affidavits for proof of service by the Wake County Sheriff's Office indicating that defendants were served either by personal service or by leaving a copy of the summons and complaint with an individual named Nikki Marshall [D.E. 29, 30].

---

[1] Harr is Mangum's "decade-long advocate and fiancé" who "has repeatedly attempted to conduct litigation on Mangum's behalf, has been permanently enjoined from practicing law in North Carolina, and is subject to a prefiling injunction in the Middle District of North Carolina." Order [D.E. 27] 1–2 (quotation omitted). Harr continues to make filings on Mangum's behalf in violation of the court's September 11, 2023 order which, inter alia, directed Mangum to file the proof of service herself. Compare id. at 3–4, with [D.E. 35] 2–3; cf. [D.E. 29]; [D.E. 30-1]. Violating a court order is not "insignificant," [D.E. 35] 3, and the court warns both Harr and Mangum that future violations of a court order could subject each of them to sanctions, including a prefiling injunction.

On October 27, 2023, defendants moved to dismiss the action for failure to effect service [D.E. 31] and filed a memorandum in support [D.E. 32]. On October 30, 2023, the court notified Mangum about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 33]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On October 30, 2023, Mangum filed a frivolous and premature motion for summary judgment [D.E. 34] and asked the court to overlook any defect in service based on her "good-faith effort to properly serve" defendants and "in consideration of her imprisoned and pro se status." [D.E. 35] 4.

"[C]ourts generally allow pro se plaintiffs a chance to remedy technical insufficiencies in service of process." Thomas v. Nelms, No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013) (unpublished); see Murphy v. Cleveland Cnty., No. 1:21-CV-5, 2021 WL 3824684, at *4–5 (W.D.N.C. Aug. 26, 2021) (unpublished). The court need not do so here, however, due to fundamental defects in the complaint. Thus, the court dismisses without prejudice the action and denies as moot the pending motions.

I.

On January 27, 2023, Mangum (with Harr's clerical, logistical, and financial assistance) "file[d] this instant lawsuit." [D.E. 35] 9. Citing 42 U.S.C. § 1983, Mangum seeks production "of Brady Rule material . . . for which she is currently challenging the Durham County Superior Criminal Court through the filing of Motions for Appropriate Relief . . . and other post-conviction motions," and an "appropriate outside medical assessment for medical conditions she developed while incarcerated." [D.E. 34] 2–3 (quotation omitted); see Compl. [D.E. 1] ¶ 4 & Prayer for Relief; [D.E. 35] 11.

2

Mangum initially sought to "compel Aurelius to expeditiously complete" responses to a set of requests for admission. Compl. Prayer for Relief; see [D.E. 27] 1 & n.2; [D.E. 34] 2; [D.E. 35] 10. Mangum now describes that request as "moot" because the North Carolina Department of Health and Human Services responded to the requests in the North Carolina Office of Administrative Hearings ("NCOAH"). [D.E. 34] 2; see id. at 5–6; [D.E. 35] 11. Mangum, however, asks for "a determination [to] be made to admit all twenty [r]equests as being true facts" because the "responses are evasive, biased, and made in bad-faith to support a desired result of keeping Mangum wrongfully incarcerated." [D.E. 35] 17; see [D.E. 34] 6. Mangum contends that "[t]his court's action to make official admissions on the twenty [r]equests will serve as basis for Mangum to file [a motion for appropriate relief] with the Durham Superior Criminal Court, in much the same way as an exculpatory DNA testing result issued by a court upon which a conviction can be overturned; which is Mangum's ultimate objective in this legal process which began more than a year ago." [D.E. 34] 6.

Mangum is a state inmate. See Compl. ¶ 5. Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). This principle applies "even if the plaintiff is not proceeding in forma pauperis and has paid the full [filing] fee." Johnson v. Hill, 965 F. Supp. 1487, 1488 (E.D. Va. 1997); see 28 U.S.C. § 1915A(a); In re Prison Litig. Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997); cf. Ellis v. Werfel, 86 F.4th 1032, 1037 (4th Cir. 2023); LaMar v. Ebert, 681 F. App'x 279, 289 n.5 (4th Cir. 2017) (per curiam) (unpublished).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

3

deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676–77 (2009); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

A live case or controversy must exist through all stages of a federal judicial proceeding. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78 (1990). A case or controversy no longer exists "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (quotation omitted). The court lacks jurisdiction if there is no longer a live case or controversy. See U.S. Const. art. III, § 2; Already, LLC, 568 U.S. at 91; Powell v. McCormack, 395 U.S. 486, 496 (1969); Martineau v. Wier, 934 F.3d 385, 390 n.2 (4th Cir. 2019). The issue of "[m]ootness . . . may be raised sua sponte by a federal court at any stage of proceedings." United States v. Springer, 715 F.3d 535, 540 (4th Cir. 2013); see North Carolina v. Rice, 404 U.S. 244, 246 (1971).

Mangum admits that the main objective of her lawsuit is moot because the North Carolina Department of Health and Human Services responded to Mangum's requests for admissions. See [D.E. 34] 2, 6–7. Thus, the action is moot, and the court dismisses it.

To the extent Mangum is dissatisfied with the quality of defendants' responses to her requests, she must seek relief in the NCOAH or in North Carolina state court. See, e.g., Harr v. N.C. Off. of Admin. Hearings, No. 5:23-CV-577, 2023 WL 8654921, at *3 (E.D.N.C. Dec. 14, 2023) (unpublished) (collecting cases); Ragland v. NC State Bd. of Educ., No. 5:16-CV-288, 2020 WL 7489747, at *4 (E.D.N.C. Dec. 21, 2020) (unpublished), aff'd sub nom. Ragland v. N.C. State Bd. of Educ., 857 F. App'x 115 (4th Cir. 2021) (per curiam) (unpublished); Soltes v. Bd. of

4

Directors of Woods Charter Sch. Co., No. 1:16CV119, 2017 WL 354270, at *1 (M.D.N.C. Jan. 24, 2017) (unpublished). As for Mangum's desire to obtain "Brady Rule material," [D.E. 34] 2, absent any plausible allegation that North Carolina has denied her due process in her postconviction efforts or that North Carolina's postconviction procedures are "fundamentally inadequate," Mangum fails to state a federal constitutional violation. Dist. Att'y's Off. for Third Jud. Dist. v. Osborne, 557 U.S. 52, 69 (2009); cf. Reed v. Goertz, 598 U.S. 230, 237 (2023); Skinner v. Switzer, 562 U.S. 521, 532 (2011); LaMar, 681 F. App'x at 289; Griffin v. Balt. Police Dep't, 804 F.3d 692, 695 (4th Cir. 2015).

Finally, as for Mangum's allegations concerning her medical treatment in prison, Mangum has not plausibly alleged that any named defendant is personally involved in her medical care. See Compl. ¶¶ 94–105; cf. [D.E. 34] 3. Thus, she fails to state a claim. Moreover, these allegations implicate Federal Rule of Civil Procedure 20(a)(2) because they raise different factual allegations against wholly different potential defendants. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir. 1997); cf. Ellis, 86 F.4th at 1037. Accordingly, the court dismisses the action without prejudice.

II.

In sum, the court DISMISSES WITHOUT PREJUDICE the action in part for lack of jurisdiction and in part for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and DENIES AS MOOT the pending motions [D.E. 31, 34]. The clerk shall close the case.

SO ORDERED. This 12 day of April, 2024.

JAMES C. DEVER III
United States District Judge